IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT WIGGINS,
    Plaintiff,

vs.                                        Case No: 3:05cv424/RV/MD

MARK JACKSON, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff commenced this action on November 6, 2005 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Thereafter, he filed a second amended complaint (doc. 15). On January 30, 2006 this court entered an order (doc. 16) directing plaintiff to submit one identical service copy of his second amended complaint within twenty days. Thereafter, plaintiff attempted to file a third amended complaint which was returned to him as deficient (doc. 21). In the deficiency order, plaintiff was advised that within twenty days he must either: (1) correct the deficiency in his third amended complaint, or (2) file one identical service copy of his second amended complaint. That deficiency order was entered on February 22, 2006. Over twenty days elapsed, and plaintiff did not comply with that order or the January 30, 2006 order.

Accordingly, on March 30, 2006 the court issued an order requiring plaintiff to show cause within twenty days why this case should not be dismissed for his failure to prosecute and failure to comply with an order of the court (doc. 24). Over twenty days has elapsed since that date, and plaintiff has not responded to the order.

**Accordingly, it is respectfully RECOMMENDED:**

**That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court, and that the clerk be directed to close the file.**

**DONE AND ORDERED this 24th day of April, 2006.**

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**